IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDWARD KELLEY and ) <br> AUSTIN CARTER, ) <br> ) <br> Defendants. ) | No. 3:22-CR-118-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Edward Kelley's Joint Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 31], filed on March 14, 2023.

In his motion, Defendant Kelley asks the Court to continue the June 27, 2023, trial date and all associated deadlines. Counsel for Defendant Kelley asks for additional time to allow for research and investigation so that he may determine whether pretrial motions should be filed. Counsel relates that an initial discovery disclosure was made on January 11, 2023, and a supplemental discovery disclosure was made on March 8, 2023, with the supplemental discovery consisting of four terabytes of additional information. In addition, counsel states that this case overlaps with Defendant Kelley's pending case in the District of Columbia, *United States v. Kelley*, 1:22-CR-408. Counsel relates that both of these cases are complex and time-consuming and, while a global resolution is being explored for both, more time is needed to allow for further investigation and negotiation.

Counsel submits that granting the requested continuance should result in the delay being excluded under the Speedy Trial Act because the ends of justice are best served by allowing counsel the additional time necessary for effective preparation given the exercise of due diligence and, absent

the continuance, counsel cannot provide effective assistance of counsel. Counsel further submits that the request is not being made for purposes of delay and that Defendant Kelley understands that the period of time between the filing of the instant motion and a rescheduled court date would be fully excludable time for speedy trial purposes. Counsel for Defendant Kelley has communicated with counsel for Codefendant Austin Carter, who does not oppose the requested continuance and joins in the instant motion. Counsel for Defendant Kelley has also spoken with Assistant United States Attorney Casey Arrowood, who does not oppose the request for a continuance.

Based upon the information provided by Defendant Kelley in his motion, that Codefendant Carter joins in the motion, and that the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs additional time to review the discovery—which includes four terabytes of recently-obtained information—to determine whether any pretrial motions will be necessary. Counsel for Kelley also needs additional time to negotiate a potential global resolution of both of Defendant Kelley's pending cases and, if plea negotiations are not fruitful, prepare for trial. All of this cannot be done by the June 27, 2023, trial date.

The Court therefore **GRANTS** the Joint Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 31**]. The trial of this case is reset to **October 17, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on March 14, 2023, and the new trial date of October 17, 2023,

is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) the Joint Motion to Continue Motion Deadline, Plea deadline, and Trial Date [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 17, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 14, 2023**, and the new trial date of **October 17, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the new deadline for filing pretrial motions is extended to **May 12, 2023**, responses to motions are due on or before **May 26, 2023**, and **any necessary hearing on pretrial motions** will be set at a later date;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 15, 2023**;

(6) the deadline for filing motions *in limine* is **October 2, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **October 3, 2023, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 6, 2023**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge