# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Docket No. 3:22-CR-118 |
| ) | |
| **AUSTIN CARTER**, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO CONTINUE THE TRIAL AND ASSOCIATED DEADLINES

COMES NOW THE DEFENDANT, Austin Carter, and moves this Honorable Court for an order continuing the trial of this matter and resetting all associated deadlines. In support of this motion, Mr. Carter would show this Honorable Court as follows:

1. Mr. Carter was indicted by the Grand Jury on December 21, 2022.

2. An initial appearance was held on January 3, 2023, at which time the trial of this matter was set for February 28, 2023.

3. Initial discovery was received on January 10, 2023.

4. A previous unopposed motion to continue was filed and resulted in a scheduling order entered on March 20, 2023. [Doc. 32]. Under this order, the trial date was scheduled for October 17, 2023 and the plea deadline was set for September 15, 2023.

5. This order set a motion deadline of May 12, 2023.

6. After this order was entered and after the expiration of the motion deadline, the government provided to Austin Carter supplemental discovery. This discovery was sent to counsel for Mr. Carter on July 6, 2023.

7. This discovery consisted of a hard drive containing several terrabytes of data copied from 3 smartphones, 2 tablets, 2 computers, 2 hard drives and 2 USB drives.

- 1 -

Case 3:22-cr-00118-TAV-JEM   Document 33   Filed 08/29/23   Page 1 of 4   PageID #: 70

Presumably these contain statements and messages attributable to the defendant(s) and evidence which may be important or exculpatory.

8. Although the government provided this hard drive containing the raw data described above, it did not provide the computer programs necessary to read or display the data. As a result, although counsel has the data, counsel has no way to access it.

9. Some time was spent attempting to resolve this matter between the parties. Counsel for Mr. Carter requested the reader programs by electronic mail on July 7, 2023; July 13, 2023; August 21, 2023; and in person on July 24, 2023.

10. Despite the efforts of counsel, the FBI has not yet provided the programs to access this data. Counsel for the government represents that the FBI might be able to get it done this week.

11. In either event, the information contained on these several computers and storage devices is large and will take time to review. Currently, counsel cannot access this data.

12. This information must be reviewed by counsel prior to advising his client on a plea offer and this information may give rise to necessary motions to be filed on Mr. Carter's behalf. Counsel cannot effectively represent his client if he is not able to review the discovery in a case, especially discovery that likely contains communications between the alleged co-conspirators.

13. At the time the current scheduling order was entered, counsel was unaware of the existence of this voluminous discovery. Similarly, when the motion deadline came and went in May, counsel was unaware of the existence of this discovery. It would be another two months before the discovery was provided.

14. For these reasons, there is simply not enough time prior to the scheduled trial date for Mr. Carter to be fully prepared for trial. There is not enough time prior to the

expiration of the plea deadline for counsel for Mr. Carter to review all the discovery, even if he is granted access to it this week. Finally, it would work an injustice to bar counsel for Mr. Carter from filing motions because the motion deadline passed before the discovery was provided. For all of these reasons a continuance and a new litigation schedule is necessary.

15. Continuing the trial of this matter will serve the ends of justice as it will allow the necessary time for counsel to be adequately prepared for trial and therefore will protect Mr. Carter's right to the effective assistance of counsel. It will also permit the parties to engage in settlement negotiations which may well prove fruitful. Not granting a continuance would result in a miscarriage of justice and deny counsel the reasonable opportunity for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

16. Counsel for Mr. Carter has discussed this motion with counsel for the co-defendant, Edward Kelley, and can represent to the Court that Mr. Kelley does not oppose this motion.

17. Counsel for Mr. Carter has discussed this motion with the Government and can represent to the Court that it does not object to the requested continuance.

18. Mr. Carter understands and agrees that the time period of this continuance is excluded from the speedy trial computation.

WHEREFORE, premises considered, Mr. Carter prays that this Honorable Court enter an order continuing the trial of this matter and re-setting all associated deadlines, based on the date the government anticipates concluding discovery.

Respectfully submitted this the 29th day of August, 2023,

Joshua D. Hedrick,
*BPR # 025444*
Whitt, Cooper, Hedrick & Wojcik
607 Market St.
Suite 1100
Knoxville, TN 37902
(865) 524-8106

Attorney for Mr. Carter

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular US Mail. Parties may access this filing through the Court's electronic filing system.

Joshua D. Hedrick,
Attorney for Mr. Carter