IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-118-TAV-JEM |
| EDWARD KELLEY and | ) | |
| AUSTIN CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Carter's Motion to Continue the Trial Date and Associated Deadlines [Doc. 33], filed on August 29, 2023.

In his motion [Doc. 33], Defendant asks the Court to continue the October 17, 2023 trial date, to continue all other deadlines, and to provide a new litigation schedule. The Defendant states that the Government provided additional discovery on July 6, 2023, after expiration of the motions deadline, but the Defendant does not yet have the program necessary to review the documents provided by the Government. The discovery includes data copied from three smartphones, two tablets, two computers, two hard drives, and two USB drives, which Defendant asserts will take time to review. While the Government anticipates providing the necessary software to Defendant within the next week, defense counsel will need time to review the documents and advise his client on the best course of action. Defense counsel has spoken with Defendant about his speedy trial rights, and Defendant understands that the period of time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes. In addition, Defendant informs the Court that the Government and Defendant Kelley do not oppose a continuance.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government and Defendant Kelley, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defendant was indicted on December 21, 2022, and Defense counsel needs additional time to review newly-provided discovery after he obtains the necessary software from the Government to view it so that he may advise his client and prepare for trial. All of this cannot be done by the October 17, 2023 trial date.

The Court therefore **GRANTS** Defendant Carter's Motion to Continue the Trial Date and Associated Deadlines **[Doc. 33]**. The trial of this case is reset to **January 16, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 29, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Carter's Motion to Continue the Trial Date and Associated Deadlines **[Doc. 33]** is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 16, 2024, at 9:00 a.m.**, before the Honorable Thomas A Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 29, 2023**, and the new trial date of **January 16, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **September 22, 2023**, and responses to motions are due on or before **October 6, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 15, 2023**;

(6) the deadline for filing motions *in limine* is **January 3, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 4, 2024, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 5, 2024.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3

Case 3:22-cr-00118-TAV-JEM   Document 34   Filed 08/31/23   Page 3 of 3   PageID #: 76